IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRYAN GRANT-ADAMS,**

      **Petitioner,**

  v.           CASE NO. 19-3190-SAC

**CRAWFORD COUNTY SHERIFF,**

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his application to proceed in forma pauperis is pending.

### Background

Petitioner was convicted in the District Court of Crawford County, Kansas, of one count of failing to register as a sex offender. It appears that his direct appeal is pending before the Kansas Court of Appeals[1].

Petitioner seeks relief on the ground that newly-discovered evidence of his innocence is available. He states that he did not raise this on direct appeal, and it does not appear that he has presented it to the state courts.

### Motion to appoint counsel

Petitioner also moves for the appointment of counsel. An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel

---

Petitioner is proceeding before the Kansas Court of Appeals in App. Case No. 121833, arising from 18CR282.

beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(1)(2)(b).

Because the Court has identified a deficiency in the petition, the Court declines to appoint counsel in this matter.

**Discussion**

A state prisoner seeking habeas corpus relief must exhaust available state court remedies before proceeding in federal court. *See* 28 U.S.C. § 2254(b)(1) and *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). This requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, petitioner has not exhausted the claims that are before the Kansas Court of Appeals in his direct appeal, and he has not presented the sole claim he asserts in this petition to a state court. Because no exhausted claim is presented in this matter, the Court will direct petitioner to show cause why this matter should not be dismissed without prejudice to exhaust available state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **October 25, 2019,** to show cause why this matter should not be dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2019, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge